IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A SEARCH WARRANT FOR THE SUBJECT ELECTRONIC DEVICE IN THE CUSTODY OF ATF | Case No. 18-0950 JMC |

## AFFIDAVIT IN SUPPORT OF A SEARCH AND SEIZURE WARRANT

Your Affiant, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent ("SA") Lindsay B. Erbe, deposes and states as follows:

1. This is an Affidavit in support of a search warrant authorizing the search of the following materials, all of which were seized on March 1, 2018:

- **Pink Apple iPhone, bearing IMSI: 355831080020109, Serial Number: F4GT3FYMGH70, and cellular assigned call number 443-979-4932, recovered on TRAVON KENDALL's person and belonging to KENDALL;**

hereinafter referred to as the "**Subject Electronic Device.**" The **Subject Electronic Device** is currently located at ATF Baltimore Field Office, 31 Hopkins Plaza, 5th Floor, Baltimore, Maryland 21201.

2. The applied-for warrant would authorize the forensic examination of the **Subject Electronic Device** for the purpose of identifying electronically stored data particularly described in Attachment B.

3. The **Subject Electronic Device** is currently in the lawful possession of the ATF. It came into the ATF's possession when it was seized during the search incident to arrest of a Federal

1



arrest warrant for **TRAVON KENDALL (KENDALL)**. **KENDALL** was arrested for possessing firearms in violation of 18 U.S.C. § 922(g)(1) (the **SUBJECT OFFENSE**).

4. The **Subject Electronic Device** is currently in storage at the ATF Baltimore Field Office. In my training and experience, I know that the **Subject Electronic Device** has been stored in a manner in which its contents is, to the extent material to this investigation, in substantially the same state as it was when the device first came into the possession of the ATF.

5. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The information contained in this Affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated. Summaries and descriptions, including quotations, of recorded conversations are based on a review of audio recordings and draft transcripts thereof. In some instances, as indicated below, specific quotations are based on information obtained from confidential sources who participated in the conversations.

## YOUR AFFIANT

6. Your Affiant is a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516. I have been a Special Agent with the ATF, United States Department of Justice, since July 2014. My responsibilities with ATF include the investigation of possible criminal violations involving the

2

unlawful use, manufacture and possession of firearms and explosives; acts of arson and bombings; illegal trafficking of alcohol and tobacco products, and related offenses. In addition, ATF Special Agents currently possess provisional authority to conduct investigations to identify and seize assets that are the proceeds of or are used to facilitate violations of the Uniform Controlled Substances Act. Your Affiant has received specialized training in the investigation of federal crimes involving firearms, alcohol and tobacco diversion, arson and explosives and narcotics. Your Affiant is currently assigned to the Baltimore Field Division, Baltimore Group VI, which investigates violations of federal firearms laws, violent crimes, and armed narcotic trafficking.

7. I am familiar with the ways in which firearm traffickers conduct their business, including, but not limited to, their methods of illegally importing and distributing firearms, their use of communications facilities and transportation platforms to arrange for and coordinate those distributions, their use of codes to conduct their transactions, and the financial vehicles used by those traffickers to launder the proceeds of their illegal firearms transactions.

8. In addition, your Affiant has participated in investigations that have utilized court-ordered interception of wire communications as an investigative tool; therefore, your Affiant is familiar with the lawful use of electronic and wire surveillance equipment in investigations of the illegal transfer/sales of firearms. Your Affiant has also debriefed numerous defendants, cooperating witnesses, and others who have had experience in the firearm trafficking. Consequently, your Affiant has become familiar with the phraseology and practices of those that conduct trafficking and illegal sales of firearms. Through these experiences your Affiant has become familiar with jargon related to the illegal transportation and sales of firearms.

9. Your Affiant knows based on her knowledge, training, and experience that persons involved in the illegal sales of firearms often keep and maintain records of their various illegal

activities. Experience in similar cases has demonstrated that such records are regularly concealed in a suspect's automobile, residence, office, on his person, in warehouses and storage lockers, and that they take various forms. Documents commonly concealed by traffickers, include but are not limited to notes in code, deposit slips, wired money transactions, savings pass books, hidden bank accounts, photographs of co-conspirators, various forms of commercial paper, personal address books, notebooks, records, receipts, ledgers, travel receipts (rental receipts, airline tickets, bus tickets, and/or train tickets) both commercial and private, money orders and other papers relating to the ordering, transportation, sale of firearms or other such documents which will contain identifying data on the co-conspirators. The aforementioned items are kept in locations that are considered safe by the firearm traffickers such as safety deposit boxes, residences, stash houses, warehouses, vehicles and on their person, where they have ready access to them. I know that firearm traffickers often maintain several residences decreasing the likelihood of detection by law enforcement.

10. In addition, based on my knowledge, training and experience, firearm traffickers frequently use cellular telephones, SIM cards (which are inserted into mobile phones and computers and store information such as that used to identify and authenticate subscribers), communication devices, and other electronic media storage to further their illegal activities and frequently maintain numerous such electronic devices in an effort to conceal their activities. Based upon your Affiant's training, experience and participation in this and other firearm investigations, I know the following:

    a. Firearms traffickers frequently maintain books, ledgers, records and other documents relating to the manufacture, transportation, possession, and distribution of firearms. Such documentation is frequently maintained where the traffickers have ready access to it,

4

including their homes and electronic devices such as cellular phones, pages, personal digital assistants (PDAs), or "smart" phones.

      b.     Firearm traffickers commonly maintain books, records and other documents or items that identify and contain the names, addresses and/or telephone or pager numbers of associates in their trafficking activities, including, but not limited to cellular telephones, pagers, PDAs, and "smart" phones.

      c.     Firearms traffickers often use cellular telephones, pagers, PDAs, or "smart" phones, to conduct their business and to store information such as names, addresses, phone numbers, and logs of firearms sales.

## PROBABLE CAUSE

11.    Your Affiant has been involved in an investigation into an individual identified as **TRAVON KENDALL (KENDALL)**, who was engaged in the distribution and sale of illegal drugs, specifically heroin and fentanyl, and had engaged in the illegal purchase of firearms from an unknown supplier. During the course of the investigation, investigators conducted six (6) controlled purchases of narcotics from **KENDALL** and conducted a reverse sting operation in which **KENDALL** exchanged $500 in U.S. Currency for two firearms.

12.    During the course of the investigation, an ATF CI conducted multiple conversations via cellular phone with **KENDALL,** arranging controlled narcotic sales and the reverse sting operation in which **KENDALL** requested to purchase two (2) firearms from the ATF CI. The ATF CI provided investigators with the assigned call number and investigators have verified that it was the same number as the **Subject Electronic Device's** assigned call number.

13.    On March 1, 2018, law enforcement organized a reverse sting operation in which **KENDALL** was provided with an opportunity to purchase two firearms. **KENDALL** was

interested in making that purchase and arrived at the scene of the reverse sting operation. During the operation, **KENDALL** exchanged $500 in U.S. Currency for two firearms. **KENDALL** took physical possession of the firearms following the exchange of U.S. Currency, but was arrested prior to leaving the operations area.

14. In addition, during previous meetings between the ATF CI and **KENDALL**, **KENDALL** indicated that he often possessed and attempted to acquire additional firearms.

15. Investigators reviewed the toll logs for **Subject Electronic Device** for the timeframe of May 18, 2017, through August 1, 2017, during which controlled purchases of narcotics from **KENDALL** by the ATF CI were occurring. A review of the toll records verified that the ATF CI's own cellular assigned call number had incoming and outgoing calls to the **Subject Electronic Device** during the investigative activity.

16. An examination of **KENDALL**'s criminal history indicated he was previously convicted of a crime punishable by a term of imprisonment exceeding one year, making **KENDALL** a person who is prohibited from possessing firearms.

17. On March 1, 2018, United States Magistrate Judge Beth P. Gesner issued an arrest warrant for **KENDALL** based on a Criminal Complaint and Affidavit (case no. 18-0595-BPG).[1] **KENDALL** was arrested and during the search incident of that arrest investigators seized the **Subject Electronic Device** from **KENDALL**'s person.

18. Based on information, including that detailed above and in Exhibit 1, it is your Affiant's belief that **KENDALL** committed the **SUBJECT OFFENSE**.

---

[1] An indictment was returned against KENDALL on March 29, 2018, charging him under 18 U.S.C. § 922(g)(1) and related to the March 1, 2018 reverse sting operation and arrest.

## CONCLUSION

19. Based on the information set forth in this affidavit and the attached Exhibit, I believe that sufficient probable cause exists to believe that **KENDALL** used the **Subject Electronic Device** to further and as a tool to commit the **SUBJECT OFFENSE** in violation of 18 U.S.C. § 922 (g). There is probable cause to believe that evidence of said **SUBJECT OFFENSE** is contained within the **Subject Electronic Device.**

WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a search warrant for the **Subject Electronic Device**, and authorize the search and the seizure of the items described in Attachments A, according to the protocols set forth in Attachment B, where applicable, which constitute fruits, evidence and instrumentalities of violations of 18 U.S.C. §§ 922 (g)(1), which prohibits the possession of a firearm and ammunition, while being a prohibited person.

_____
Lindsay B. Erbe
Special Agent, ATF

Sworn to before me this 4 day of April, 2018.

_____
J. MARK COULSON
UNITED STATES MAGISTRATE JUDGE